1 | BILL LOCKYER
Attorney General of the State of California
2 | JAMES M. HUMES
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | MONICA N. ANDERSON
Supervising Deputy Attorney General
5 | JODIE A. SCHWAB (SBN 223131)
Deputy Attorney General
6 |  1300 I Street, Suite 125
 P.O. Box 944255
7 |  Sacramento, CA 94244-2550
 Telephone:  (916) 327-1145
8 |  Fax:  (916) 324-5205

9 | Attorneys for Defendants Alameida,
Cavanaugh, Davis, DiCarlo, Finn,
10 | Lockyer, Ramirez and Stevens
SA2003102770

11

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE EASTERN DISTRICT OF CALIFORNIA

14 | SACRAMENTO DIVISION

15

16 | **WILLIAM B. CORLEY,**                    CASE NO. 2:03-cv-01447-LKK-DAD PS

17 |                              Plaintiff,    **STIPULATED PROTECTIVE ORDER**

18 |          v.

19 | **GRAY DAVIS, et al.,**

20 |                              Defendants.

21

22 |     **IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS**

23 | **FOLLOWS:**

24 |     **CENTRAL FILE INFORMATION OR MATERIAL**

25 |     During the course of discovery, counsel for Plaintiff William B. Corley requested

26 | certain documents pertaining to the incident at issue in this action from Plaintiff's central file,

27 | that were previously redacted to avoid disclosure or reference to personal information of third

28 | parties protected from disclosure under California law.  Cal. Civil Code §§ 1798.3; 1798.24.

1

1    1.    The protective order covers all information, documents or material produced by

2    Defendants pursuant to discovery requested by Plaintiff's counsel, which individually identifies

3    third parties other than the named Plaintiff in this action, including mental health information and

4    records.  Documents obtained by Plaintiff's counsel pursuant to a written release signed by the

5    third party are not covered by this order.

6    2.    All documents and information covered by this order shall be referred to as

7    "confidential material."

8    3.    The confidential material may be disclosed only to the following persons, and

9    only after they are informed that the material may not be disclosed except as provided by this

10   order:

11        a.    Counsel of record for Plaintiff in this action;

12        b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed

13   by counsel of record for Plaintiff;

14        c.    Court personnel and stenographic reporters to engaged in such proceedings

15   as are incidental to the preparation for the trial in this action; and

16        d.    Any outside expert or consultant retained by Plaintiff's counsel for purposes

17   of this action.

18   4.    All confidential material obtained by counsel for Plaintiff shall be destroyed or

19   returned to the attorney for Defendants Alameida, Cavanaugh, Davis, DiCarlo, Finn, Lockyer,

20   Ramirez and Stevens, within 5 days of the time it is no longer needed for purposes of this

21   litigation.

22   5.    All confidential materials obtained by counsel for Plaintiff shall not be disclosed

23   except as is necessary in connection with this litigation, including appeals, and not for any other

24   purpose, including any other litigation or administrative proceeding.

25   6.    Any documents filed with the Court that reveal confidential material shall be filed

26   with a motion to seal.  Upon failure of the filing party to so file a document under seal, either

27   party may request the Court place the document under seal.

28   / / /

7.    Nothing in this Order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this Order deposition transcripts, pleadings, or briefs containing confidential material, if the document containing such material has been masked or deleted so that no disclosure of the confidential material occurs.

8.    With the exception of documents, if any, contained in the confidential portions of the inmate file, including, if any, a gang file; and personal information of third parties (*e.g.,* social security numbers, birth dates, names of any minors, addresses; and/or any mental health interviews, evaluations or conclusions involving or pertaining to a third party), all documents produced under this order may be reviewed in a complete and unredacted form.  If, in the judgment of Plaintiff's counsel, such information as has been redacted is necessary for the conduct of this litigation, such documents will be expeditiously presented to the court for an *in camera* review to determine whether and to what extent they must be produced.  Insofar as the court determines that any such information is subject to the exclusion for production, the attorneys for Plaintiff and their legal assistants and consultants shall not disclose the information to any person for any purpose.

9.    Attorneys for Plaintiff and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation.  Counsel for Plaintiff will maintain control over all copies, electronic or otherwise, obtained by them.

10.   Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material, including the identification, the location, mental health status, or health status to or with any persons except as is necessary to this case, and then only in accordance with paragraph 3 of this order.

11.   Confidential material respecting any third party shall not be disclosed or discussed with any other person except in accordance with paragraph 3 of this order.  If Plaintiff's counsel believes such disclosure is necessary to the prosecution of this litigation, Plaintiff's counsel shall notify Defendants' counsel fourteen court days prior to any such disclosure and advise them of the specific information to be disclosed and the specific individuals Plaintiff's counsel intends to

1 disclose it to.  Should Defendants' counsel believe that the proposed disclosure would be

2 inappropriate, Defendants' counsel may seek a protective order to prohibit Plaintiff's counsel

3 from making the disclosure.  If Defendants' counsel files a motion for such a protective order,

4 Plaintiff's counsel will not make any disclosure until the issue is adjudicated by the Court.

5         12.   The foregoing provisions of this order, with the exception of paragraph 6, do not

6 apply to officials, employees or representatives of the State of California, to include Defendants,

7 or other authorized government officials or consultants.

8         13.   Nothing in this protective order is intended to prevent officials or employees of

9 the State of California, or other authorized government officials, from having access to

10 confidential material to which they would have access in the normal course of their official

11 duties.

12         14.   The provisions of this protective order are without prejudice to the right of any

13 party:

14         a.   To apply to the Court for a further protective order relating to any

15 confidential material or relating to discovery in this litigation;

16         b.   To apply to the Court for an order removing the confidential material

17 designation from any documents;

18         c.   To object to a discovery request;

19         d.   To apply to the Court for an order compelling production of documents or

20 modification of this order or for any order permitting disclosure of confidential material beyond

21 the terms of this Order.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Stipulated Protective Order

1          15.   The provisions of this order shall remain in full force and effect until further order

2   of this Court.

3          **IT IS SO STIPULATED.**

4

5   DATED:  January 23 , 2006          /s/ Jodie A. Schwab
                                       JODIE A. SCHWAB
6                                      Attorney for Defendants

7

8   DATED:  January 20, 2006           /s/ Andrea M. Miller
                                       ANDREA M. MILLER
9                                      Attorney for Plaintiff

10

11  DATED:  January 20, 2006           /s/ Eric Grant
                                       ERIC GRANT
12                                     Attorney for Plaintiff

13

14

15         **IT IS SO ORDERED:**

16  DATED: February 7, 2006.

17

18                                     _____
                                       DALE A. DROZD
19                                     UNITED STATES MAGISTRATE JUDGE

20

21  Ddad1/orders.prose/corley1447.stipord

22

23

24

25

26

27

28

Stipulated Protective Order